634

[Civ. No. 16727.   First Dist., Div. One.   May 18, 1956.]

EMMA PAULINE SEARS FLINSPACH, as Special Administratrix, etc., Appellant, v. ELSIE W. SEARS, as Executrix, etc. et al., Respondents.

Hoey, Hoey, Hall & Conti, Max B. Jamison and Francis Hoey for Appellant.

Gordon B. Turner and Tinning & DeLap for Respondents.

AGEE, J. pro tem.*—This is an action brought by a daughter to have a trust declared in certain real property and the proceeds of the sales of certain real property which had been deeded by a mother to her son. The trial court held than no trust had been created.

For many years, Sara Belle Sears had owned as her separate property some 137 acres of land located at Pacheco, California. In 1927, she mortgaged it to the Bank of Martinez for $4,400. The mortgage was renewed in 1932 for the same amount. Later on, the bank sued to foreclose, but on April 14, 1939, again renewed the mortgage in the amount of $5,428.24, and dismissed the suit. In April, 1940, the bank again threatened foreclosure. In order to avoid this, Sara Belle Sears and William A. Sears, Sr., her husband, executed a grant, bargain and sale deed of the property to their son, William A. Sears, Jr. The deed was dated April 22, 1940, and contained an agreement by the son to assume and pay the mortgage. The son accepted delivery of the deed and caused it to be recorded on April 25, 1940. The only consideration, other than love and affection, was the agreement to pay the mortgage. The son did in due course pay the mortgage in full, as well as all taxes and assessments. He went into possession and made substantial improvements on the property. In a letter from the son to his mother, dated April 19, 1940, he enclosed the form of deed to be signed by her and her husband and in the letter he stated: "Remember my agreement with you that when a sale is made, it is all yours." Sara Belle Sears filed state and federal gift tax returns for the year 1940 in both of which she reported the transfer of the property as a gift and placed the gross value of the property as $8,965.40, the amount due on the mortgage as $5,428.24, and the net value of the gift as $3,537.16. William A. Sears, Sr., died on July 19, 1941, leaving his entire estate to his wife, Sara Belle, from which she received $1,200 in cash, $1,000 in stocks, an automobile and a note secured by a deed of trust on which there was due some $16,000. In 1944, she received $3,300 from another source. This is of significance because William Jr. had told his mother that she could have the property back any time by paying him what he had paid out. The mother never attempted to get the property back. On May 13, 1945, Sara Belle Sears died intestate, leaving as heirs, two sons, William A. Sears, Jr., and George Sears, her daughter, Emma

*Assigned by Chairman of Judicial Council.

Pauline Sears Flinspach, appellant herein, and two grandsons, Richard Baird and Robert Baird, the children of a daughter who had predeceased her. Sara Belle Sears had made complete provision for disposition at her death of all of her properties. Her home at Porterville, California, was transferred to her daughter, appellant herein, by a deed of gift. Money, bonds and a note secured by a deed of trust went to the daughter as surviving joint tenant. After all expenses of last illness, taxes, and legal fees were paid the net value of what was received by the daughter was $21,740. The daughter was the one who took charge of all of her mother's estate, she employed an attorney and executed the California Inheritance Tax Affidavit, Form 22, in which she stated that the decedent, Sara Belle Sears, did not execute or enter into a declaration of trust or trust agreement and that decedent was not a beneficiary under a trust. The daughter testified that she saw and read William's letter of April 19, 1940, to his mother at the time it was received by her.

No sales of the property were made before the death of Sara Belle Sears but, in 1948, 25 acres were sold to the County of Contra Costa for $21,500 and on July 6, 1953, Elsie W. Sears, as executrix under the will of William A. Sears, Jr. (who died March 13, 1952) sold 22 acres for $48,200. This latter sale was made to subdividers who planned to build homes on the portion bought.

On September 14, 1953, appellant, Emma Pauline Sears Flinspach, caused herself to be appointed special administratrix of her mother's estate and on September 25, 1953, she filed this suit as such administratrix. She seeks to impress a constructive trust upon the balance of the real property and the proceeds of the sales made.

The trial court held that there was no trust created at any time, that all of the heirs, including appellant, had acquired full knowledge, not later than August 31, 1948, that William A. Sears, Jr., claimed to hold and own the whole of the property free of any trusts, that William A. Sears, Jr., and his successor in interest had acquired title by adverse possession, that appellant and the other heirs had been guilty of laches and unreasonable delay in bringing this action, and that the action is barred by sections 318 and 338 subdivision 4 of the Code of Civil Procedure.

Appellant complains of the failure of the trial court to make an express finding on the allegation in her complaint (paragraph XXII) that "said Elsie W. Sears, as executrix of the

Last Will and Testament of William A. Sears, Jr., deceased, now wrongfully detains and holds in said estate as an involuntary trustee the funds [proceeds of sales of portions of the original 137 acres] and real property [remaining after said sales] rightfully belonging to the heirs at law and next of kin of Sara Belle Sears, deceased.'' Appellant's specific complaint, as expressed in her brief, is that ''no finding was made on the issue of the existence or non-existence of an express or a constructive trust.'' In our opinion, very clear and comprehensive findings were made by the trial court. ▮ Moreover, as said in *Haigler* v. *Donnelly*, 18 Cal.2d 674, 677-678 [117 P.2d 331]: ''There is no error in the failure of the trial court to make an express finding upon the issue if it is implicit in the findings made, and there is no necessity expressly to negate contradictory allegations.'' ▮ Here, the trial court found, *inter alia*: ''The true consideration for said deed was the promise and agreement of the said William A. Sears, Jr., made to his parents, Sara Belle Sears and William A. Sears, Sr., to assume, pay and discharge said promissory note and mortgage held by said Bank of Martinez and also the love and affection which the said Sara Belle Sears and William A. Sears, Sr., had and bore unto their said son, William A. Sears, Jr. The execution and delivery of said deed constituted a gift of said real property to the said William A. Sears, Jr. . . . It is not true that the said William A. Sears, Jr., agreed to hold said real property in trust for his parents, or either of them. . . . The said William A. Sears, Jr., did not *wrongfully* fail to make an accounting to plaintiff or to the other heirs of Sara Belle Sears, deceased, of all or any of the aforementioned sales. The said William A. Sears was not under any obligation to pay to plaintiff or to any other heir of Sara Belle Sears all or any part of the proceeds of the aforementioned sales. . . . The real property . . . was conveyed by Sara Belle Sears and William A. Sears, Sr., her husband, to William A. Sears, Jr., as a gift by deed dated April 22, 1940, . . . [and] became the *sole* and separate property of the said William A. Sears, Jr., now deceased, upon the delivery of said deed and the said William A. Sears, Jr., thereupon became the owner in *fee simple absolute* of said real property *free* and *clear* of all claims and interests of the said Sara Belle Sears and William A. Sears, Sr., her husband, other than the obligation of the said William A. Sears, Jr., as grantee to assume, pay and discharge the mortgage which was a lien thereof at the date of said conveyance.'' (Emphasis added.)

There are additional findings to the same effect which are not included herein because it seems abundantly clear that the trial court found that no trust was ever created or came into existence.

While appellant does not raise the point, we are satisfied of the sufficiency of the evidence to support such a finding. We need only refer to the unconditional deed of April 22, 1940, the gift tax returns executed by Sara Belle Sears declaring the transfer to her son to be a gift and the fact that she made complete provision for the disposition at her death of all of her other properties and made no attempt to include any provision relating to the ranch or any proceeds therefrom. Also, although the daughter lived with her mother for many years prior to the mother's death, she went ahead and closed the mother's estate without asserting any interest which it had or claimed to have in the property and, in fact, stated that it did not have any such interest.

We see no necessity of reviewing the trial court's holdings on adverse possession, laches, and the statute of limitations because its holding that there was no trust is determinative of the entire litigation.

At the oral argument before this court, appellant's counsel agreed that there was sufficient evidence upon which to base a finding that there was no trust and that if an express finding had been made on this material issue, which he does not concede, the judgment of the trial court would have to be affirmed. As we have said, the findings which were made more than cover this issue.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.